UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMITA LEWIS, as
personal representative of the Estate
of Dominque Lewis,

    Plaintiff,

vs.                                                                         Case No. 15-11430

CHARTER TOWNSHIP OF FLINT,                 HON. AVERN COHN
FLINT POLICE OFFICER
MATTHEW NEEDHAM,

    Defendants.
_____/

**<u>MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION FOR STAY OF
PROCEEDINGS PENDING APPEAL (Doc. 28)</u>**

I.  Introduction

This is a case under 42 U.S.C. § 1983 involving a fatal police shooting. Plaintiff Carmita Lewis, as personal representative of the Estate of Dominique Lewis, is suing the Charter Township of Flint and Flint Police Officer Matthew Needham. The complaint, as amended, asserts the following claims:

    Count I - excessive force under section 1983 under the 4th and 14th Amendments

    Count II - governmental liability of the Charter Township of Flint

    Count III - Gross Negligence, Willful and Wanton Misconduct, Assault and Battery

    Count IV - Negligent and/or Intentional Infliction of Emotional Distress

    Count V - Wrongful Death

Count VI - Survival Action

As will be explained, defendants filed a motion for summary judgment arguing in part that Needham is entitled to qualified immunity. (Doc. 14). Defendants also asked the Court to stay discovery pending a decision on their summary judgment motion. Following a status conference, the Court issued scheduling order which, among other things, denied their request to stay discovery and declined to address defendants' summary judgment motion until plaintiff had discovery and could file a response. (Doc. 20). Defendants took an appeal on the refusal to rule on Needham's quilified immunity defense and asked the Court of Appeals to stay proceedings pending resolution of the appeal. (Doc. 21). The Court of Appeals for the Sixth Circuit remanded the matter, noting that defendants did not ask the Court for a stay of proceedings pending appeal. Lewis v. Charter Township of Flint, 15-1908 (6th Cir. Sept. 1, 2015).

Consistent with the Sixth Circuit's order, now before the Court is defendants' motion to stay proceedings pending appeal. (Doc. 28). Plaintiff has responded. (Doc. 31). For the reasons that follow, the motion is DENIED.

II. Background

A.

This case arises out of the shooting death of decedent following a traffic stop. There is a video and audio recording of the incident. From a review of pleadings and the video, decedent was sitting in the rear passenger seat during the stop, which apparently was for exceeding the speed limit. The stopping officer apparently detected the smell of marijuana and called for back up. The stopping officer then ordered the driver out of the vehicle. The driver exited the vehicle and then removed a minor child

2

who was sitting in the rear driver seat. Decedent and the front passenger remained in the vehicle for a time. It is not clear when Needham, who was a back up officer, appeared on the scene. The stopping officer then asked the front passenger to exit the vehicle. While the front passenger was outside of the vehicle, decedent jumped over the front seat and into the driver seat and began driving away. At that point, Needham ran in front of the vehicle. The decedent continued driving, causing Needham to move out of the way to avoid being struck. Needham then moved to the driver side of the vehicle and fired shots at the vehicle as decedent continued drive away. It is not clear how many shots were fired or the location of the shots as the action is reflected in the video.

B.

The amended complaint (Doc. 8) was filed on May 14, 2015. On June 12, 2015, defendants filed an answer and affirmative defenses. (Doc. 11). That same day, the Court entered an order for a status conference set for July 21, 2015. (Doc. 12). On June 30, 2015, just over a month after the amended complaint was filed, defendants filed a motion for summary judgment, (Doc. 14), presenting the following arguments, as summarized from the headings in their brief: (1) there is no genuine issue of material fact, (2) Needham is entitled to qualified immunity, (3) plaintiff's Monell claim against the Charter Township of Flint fails as a matter of law, (4) plaintiff's state law claims must also be dismissed because there is no genuine issue of material fact, (5) defendants are protected by governmental immunity, and (6) plaintiff's claim of gross negligence fails because she cannot transform elements of an intentional tort claim into a claim for gross negligence. In support of the motion for summary judgment, defendants attached (4)

exhibits, identified as follows:

    Exhibit 1 - Plaintiff's Complaint

    Exhibit 2 - Plaintiff's Amended Complaint

    Exhibit 3 - Defendants' Affirmative Defenses

    Exhibit 4 - Police In Car Video of the Incident

Defendants also filed a motion to stay discovery pending resolution of the motion for summary judgment. (Doc. 17).

Following a status conference, on August 3, 2015, the Court entered an order, which both parties approved as to form, that (1) denied defendants' motion to stay discovery without prejudice, (2) ordered the parties to conduct discovery for 60 days, (3) directed plaintiff to file a response to the motion for summary judgment 20 days after the expiration of the 60 day discovery period. (Doc. 20). As noted above, defendants took an appeal and filed a motion to stay proceedings in the Sixth Circuit.

On September 1, 2015, the Sixth Circuit entered an order denying the motion to stay. It noted that the Court's "summary order" did not articulate a basis for denying a stay of discovery or declining to rule on defendants' summary judgment motion until after discovery. The Sixth Circuit also noted that defendants did not move the Court for a stay pending appeal. The Sixth Circuit denied the motion to stay with leave for Needham to renew the motion "upon a decision from the district court regarding a request for a stay pending appeal." Lewis v. Charter Township of Flint, No. 15-1908 (6th Cir. Sept. 1, 2015). The Sixth Circuit also noted that any stay would apply only to Needham, not the Charter Township of Flint, as only Needham is able to raise the defense of qualified immunity.

4

III. Legal Standard

In determining whether to issue a stay of proceedings pending appeal, the Court must consider "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir.1991) (citation omitted). "All four factors are not prerequisites but are interconnected considerations that must be balanced together." Coalition to Defend Affirmative Action v. Granholm, 473 F.3d 237, 244 (6th Cir.2006) (citing Griepentrog 945 F.2d at 153).

IV. Discussion

In evaluating the first factor—the likelihood of success on the merits of the appeal—it is necessary to consider the immunity argument presented in defendants' motion for summary judgment. A fair reading of defendants' motion and exhibits reveals that defendants contend that the video of the incident conclusively and undisputedly establishes that Needham was justified in using deadly force against the decedent or, at a minimum, is entitled to qualified immunity as a matter of law.[1] The Court has

---

[1] Indeed, defendants' statement of the issues on appeal reads in pertinent part: Individually named police officer, Matthew Needham, is appealing the refusal of the lower court to rule on his Motion for Summary Judgment based upon the qualified immunity defense. The event was completely captured on the police video and this video conclusively establishes that Officer Needham's use of deadly force in this case was justified and not a violation of the Fourth Amendment as it is clear that Plaintiff's decedent attempted to run Matthew Needham over with a motor vehicle immediately before the shooting.

5

reviewed the video multiple times, including frame by frame upon the Court's direction to defendants' counsel to provide the video in a format to permit frame by fame viewing. The video does not provide all the answers; it also raises questions. It appears to show Needham shooting into the vehicle at a point in time in which he may have been out of harm's way and it is not clear if the vehicle was endangering others. The Court cannot say that the video, and nothing more, entitles Needham to qualified immunity as a matter of law. For example, missing from the record is deposition testimony of the stopping officer, Needham, and the other witnesses involved in the traffic stop. Each witness viewed the scene from a different angle other than the fixed camera. It is very likely that each witness has relevant information as to the events and Needham's use of deadly force. As a consequence, the Court is of the view that the record is in need of more factual development before a determination on whether Needham is entitled qualified immunity can be made.[2] This is why the Court has declined to rule on defendants' summary judgment motion, including the qualified immunity issue, until the parties conduct discovery. Thus, defendants have not shown a likelihood of success on the merits of their appeal based on the Court's decision to allow further fact discovery before ruling on defendants' summary judgment motion, particularly the qualified immunity issue. The Court is not declining altogether to rule on the legal issue of qualified immunity; rather, the Court finds that a decision on the legal issue of qualified

---

[2] Although plaintiff did not file an affidavit under Fed. R. Civ. P. 56(f) stating that discovery is necessary to enable her to present facts to oppose the motion, plaintiff requested discovery during the status conference. The Court's order providing for discovery before plaintiff files a response to the summary judgment motion is essentially in lieu of plaintiff making a request under Rule 56(f).

immunity cannot be made at this time.

That said, the Court is mindful that:

> The entitlement to qualified immunity involves immunity from suit rather than a mere defense to liability. Siegert v. Gilley, 500 U.S. 226, 233, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "Until this threshold immunity question is resolved, discovery should not be allowed." Id.
>
> The philosophy behind the doctrine of qualified immunity "is a desire to avoid the substantial costs imposed on government, and society, by subjecting officials to the risks of trial." Vaughn v. United States Small Bus. Admin., 65 F.3d 1322, 1326 (6th Cir.1995) (internal quotation marks omitted) (citing Harlow, 457 U.S. at 816, 102 S.Ct. 2727). Such burdens include "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." Id. Moreover, "[t]o avoid imposing needless discovery costs upon government officials, the determination of qualified immunity must be made at an early stage in the litigation." Id. And although there is no question that Johnson v. Jones curtailed to some extent the reach of Mitchell v. Forsyth, there is also no question that Mitchell's principle that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery," Mitchell, 472 U.S. at 526, 105 S.Ct. 2806, still stands at the threshold of the qualified immunity analysis. See, e.g., Turner v. Scott, 119 F.3d 425, 428 (6th Cir.1997) ( "The question whether the uncontested facts demonstrated a constitutional violation is a pure question of law—and one from which an immediate appeal can be taken where qualified immunity has been denied."); Sanderfer v. Nichols, 62 F.3d 151, 153 n. 2 (6th Cir.1995) ("the plaintiff's version of events, regardless of the sufficiency of the supporting evidence, does not state a claim"). Finally, it is clear that before addressing the substance of a claim of qualified immunity, the court must first determine whether the plaintiff has stated a claim of a constitutional violation at all. See Wilson v. Layne, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) (holding that the court evaluating a claim of qualified immunity must first determine whether the plaintiff states a claim of a constitutional violation at all, and then must determine whether the claimed right was clearly established, before proceeding to the qualified immunity question).

Skousen v. Brighton High School, 305 F.3d 520, 526-27 (6th Cir. 2002).

Here, the complaint states a claim for a constitutional violation. Decedent had

the right to be free from deadly force unless Needham's actions were reasonable and he did not violate a clearly established right in using deadly force under the circumstances. However, the answer to the qualified immunity question, particularly as to the reasonableness of Needham's actions, cannot be resolved on the record as it currently stands. At the end of the day, Needham may be entitled to qualified immunity but that decision cannot be made solely on the video.

As to the remaining factors, plaintiff will be harmed by delaying the case. The public interest favors moving this matter forward to determine defendants' liability on a full record. Defendants have also not shown that they will be overwhelmingly and irreparably harmed absent a stay. Thus, on balance, the four factors weigh in favor of denying a stay.

V. Conclusion

For the reasons stated above, defendants' motion to stay proceedings pending appeal is DENIED. Discovery shall move forward in accordance with the Court's August 3, 2015 order.[3]

SO ORDERED.

S/Avern Cohn<br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated: October 19, 2015
      Detroit, Michigan

---

[3] Plaintiff filed a motion for contempt, seeking sanctions for defendants' failure to participate in discovery. (Doc. 24). The motion is DENIED. Sanctions are not appropriate under the circumstances.